COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bray and Frank
Argued at Chesapeake, Virginia


CYNTHIA ELIZABETH FORD, A/K/A
 CYNTHIA TORRES
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1276-00-1          JUDGE JAMES W. BENTON, JR.
                                          MAY 8, 2001
COMMONWEALTH OF VIRGINIA


         FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    H. Thomas Padrick, Jr., Judge

            Thomas L. Watkins, Deputy Public Defender,
            for appellant.

            Eugene Murphy, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     The trial judge convicted Cynthia Elizabeth Ford of

attempted credit card fraud in violation of Code § 18.2-195.

Ford challenges her conviction on the grounds that the evidence

was insufficient and that the trial judge erred by admitting

evidence the Commonwealth failed to disclose during discovery.

We hold that the evidence was insufficient to support the

conviction, and we reverse her conviction.

                                I.

     The evidence proved that a female telephone caller

contacted a Dillard's Department Store in Virginia Beach on

_____
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

September 27, 1999 and spoke with a customer service clerk.  The caller asked to purchase two gift certificates in the amount of $400 each, gave the clerk the number of a VISA credit card account, spelled her own name as "Maler," and said her granddaughter would come for the certificates that afternoon. The Commonwealth offered these statements "not . . . for the truth of the matter but only why [the clerk] did what she did." The Commonwealth introduced no evidence identifying the VISA account number the caller gave the clerk.  The clerk reported the incident to the store supervisor.

Early that afternoon, Ford arrived at the store and told another customer service employee that she was there to obtain gift certificates her grandmother had purchased over the telephone.  The store supervisor intervened and interviewed Ford while an off-duty police officer took notes.  When Ford said her grandmother's name was "Sheila Malher," and "spelled it M-a-l-h-e-r," the supervisor asked how he could contact Malher. Ford said Malher had no home phone number and gave him a cellular phone number and an address.  When the supervisor and the officer dialed that number, they received a message that the service was disconnected.  Ford gave the supervisor her own identification displaying the name "Torres" and said she was recently divorced and using her name, Ford, again.

Sheila Maher testified that she worked as a real estate agent in an office where Ford had been a receptionist.  Maher

-

testified that Ford's job included opening the mail. Maher also testified that she received her VISA account bill at her work address but never received a statement for August or September 1999. During Maher's testimony, she displayed her credit card, which was admitted into evidence as an exhibit.

Ford moved to strike the evidence both at the end of the Commonwealth's case and after she notified the trial judge she would present no evidence. The judge denied both of the motions and convicted Ford of attempted credit card fraud in violation of Code § 18.2-195.

II.

In assessing the sufficiency of the evidence on appeal after a conviction, we view the evidence in the light most favorable to the Commonwealth, the prevailing party below, and accord to that evidence all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). When the Commonwealth relies on circumstantial evidence to prove guilt, however, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984). "To satisfy the due process requirements of the . . . Constitution, the prosecution must bear the burden of proving all elements of the offense beyond a

-

reasonable doubt." Stokes v. Warden, 226 Va. 111, 117, 306 S.E.2d 882, 885 (1983).

Pertinent to this appeal, Code § 18.2-195(1)(a) provides that "[a] person is guilty of credit card fraud when, with intent to defraud any person, [she] . . . [u]ses for the purpose of obtaining money, goods, services or anything else of value a credit card or credit card number obtained or retained in violation of § 18.2-192." The relevant part of Code § 18.2-192(1)(a) provides that "[a] person is guilty of . . . credit card number theft when . . . [she] takes, obtains or withholds a . . . credit card number from the person, possession, custody or control of another without the cardholder's consent."

The use of a credit card or a credit card number is an essential element in the offense of credit card fraud. "An attempt to commit a crime is composed of two elements: (1) the intent to commit it; and (2) a direct, ineffectual act done toward its commission." Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969). The Commonwealth must prove each element of the offense beyond a reasonable doubt. In this case it did not do so.

The direct evidence shows that Ford went to the store on the date in question and inquired about gift certificates, which she alleged her grandmother bought for her. No evidence proved that Ford ever attempted to use a credit card number in this

-

encounter. Although the clerk testified the telephone caller identified herself as "Maler," Ford identified the person who sent her as "Malher." To convict Ford, the finder of fact had to infer from the similarity of names used that Ford either placed the call herself or knew the caller had used a credit card number without consent. Otherwise, no connection exists between Ford and the fact that the caller mentioned a credit card number.

Those inferences, however, are not the only reasonable inferences to be drawn from the evidence. The evidence does not exclude the reasonable inference that a person named Maler placed the call or that Ford had no knowledge of the use of a credit card number. Either of these hypotheses is consistent with innocence. Elements of a crime must be proved beyond a reasonable doubt and not left to speculation. Strawderman v. Commonwealth, 200 Va. 855, 860, 108 S.E.2d 376, 380 (1959).

Furthermore, no evidence proved even that the caller used Sheila Maher's credit card number when requesting the gift certificates. The evidence does not prove what number was given to the clerk. At trial, the prosecutor represented that the store discarded its record of the information the caller gave. Thus, the implication that Ford stole Maher's VISA statement and caused her number to be used is purely speculative. The only evidence linking the caller, Ford, and Maher to Maher's credit card is the similarity in the names Maler, Malher, and Maher.

-

Such evidence provides only a probability that Ford was attempting to use Maher's credit card number to violate the statute in question. A mere probability, however, is not sufficient to convict a defendant beyond a reasonable doubt. Sheppard v. Commonwealth, 250 Va. 379, 387, 464 S.E.2d 131, 136 (1995). Accordingly, we reverse the conviction and dismiss the indictment.

Because we reverse this conviction on the grounds of sufficiency of the evidence, we do not reach the discovery issue in the case.

                                        Reversed and dismissed.